**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                      |   |                                  |
|--------------------------------------|---|----------------------------------|
| HUNTER R. LEVI,                      | : |                                  |
|                   Plaintiff,         | : |                                  |
|        v.                            | : | Civil Action No. 10-1294 (RWR)   |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | : |                                  |
|                   Defendant.         | : |                                  |

**MEMORANDUM OPINION**

Plaintiff brings this breach of contract action against the International Brotherhood of Teamsters ("IBT") under Section 301 of the Labor Management Relations Act ("LMRA").[1] This matter is before the Court on IBT's motion to dismiss. The Court has considered the motion, plaintiff's opposition and IBT's reply, and for the reasons discussed below, the IBT's motion will be granted.

I. BACKGROUND

Plaintiff, a former employee of the Anheuser Busch Companies, Inc. ("AB") in St. Louis,

---

[1] The Court's jurisdiction is premised upon Section 301 of the LMRA, which provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Missouri, Compl. at 9, states that he joined the IBT in May 1979. *Id.* at 9-10. In a rather rambling fashion, his complaint recounts events leading to and following his termination in 2003, which occurred after he "call[ed] a supervisor a liar in a company union meeting." *Id.* at 15.

In July 2003, there was an "AB-IBT union contract arbitration hearing" at which plaintiff "was represented by his local IBT union." Compl. at 2; *see id*. at 15. After the arbitration hearing ended, plaintiff's "local business agent and the IBT attorney told [plaintiff that] . . . the union would not be doing anymore [sic] to help [him] in a tough case." *Id.* "After all, [plaintiff] openly admitted calling the supervisor a liar, and showed no remorse." *Id.*

According to plaintiff, he discovered in 2008 that "the charge against [him] was not only bogus, [but also] failed as a matter of law." Compl. at 16. "No reasonable mind would believe that . . . AB or the IBT failed to research whether the . . . misconduct charge was supportable under federal labor law regarding union contract employees." *Id.* In plaintiff's view, the IBT "rush[ed] to distance [itself] after [the] arbitration because the case was so hard." *Id.* at 15.

Plaintiff contends that the IBT breached its contract with him, Compl. at 1, and he "is seeking actual damages of $2.5 million, plus punitive and special damages in a bench trial." *Id.* at 9.

## II.  DISCUSSION

### *A.  Dismissal Under Rule 12(b)(6)*

The IBT moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it fails to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *See Browning v. Clinton*, 292

2

F.3d 235, 242 (D.C. Cir. 2002). "[T]he complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.*,129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). "A complaint alleging facts which are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). A *pro se* complaint "must be held to less stringent standards than [are] formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), but it, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950).

### B.  Duty of Fair Representation

Plaintiff does not mention the contract or contract provision allegedly breached by the IBT. Leaving aside plaintiff's references to securities fraud, whistleblower complaints and conspiracies among AB, IBT and the United States Department of Labor, *see generally* Compl.

at 2-6, 10-14, the Court discerns a single claim against the IBT: it failed its contractual obligation under a collective bargaining agreement to provide him fair representation in the post-termination proceedings.

"It is now well established that, as the exclusive bargaining representative of the employees in [a] bargaining unit, [a union has] a statutory duty fairly to represent all of those employees, both in its collective bargaining with [an employer] . . . and in its enforcement of the resulting collective bargaining agreement." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (citations omitted). That duty "includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Id.* A plaintiff states a claim for breach of the duty of fair representation by alleging "that the union represented [him] in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *Harris v. Amalgamated Transit Union Local 689*, No. 11-0892, 2011 WL 5305377, at *3 (D.D.C. Sept. 30, 2011) (internal quotation marks and citation omitted).

The IBT argues that it owed no duty to plaintiff because it "was <u>never</u> [his] exclusive bargaining representative." Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 4 (emphasis in original). Rather, "[p]laintiff's local union (an autonomous affiliate of the IBT) and his former employer, [AB], are parties to the collective bargaining agreement that covered plaintiff's employment terms and conditions," such that the "IBT owed no duty of fair representation . . . and never had any contractual obligation . . . to [him]." *Id.*

Plaintiff responds by pointing to the IBT's constitution as the enforceable contract between the parties. *See* Pl.'s Objection to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 7. In

4

addition, he asserts that "[t]he International control of AB IBT locals is substantial," and points to the forceful leadership of James P. Hoffa, the IBT's President, to explain that the IBT's decisions were imposed over the locals' objections. *See id.* at 8. Neither of these allegations vaults his single claim from the realm of the possible to the realm of the plausible.

"Section 301 [of the LMRA] provides a cause of action for breach of a bargaining agreement," but a "suit may be brought only against the parties to the contract." *Sine v. Local No. 992, Int'l Bhd. of Teamsters*, 730 F.2d 964, 966 (4th Cir. 1984). Plaintiff himself indicates that "his local IBT union," Compl. at 5, represented him during post-termination arbitration proceedings. Although a union constitution is an enforceable contract, *see Shea v. McCarthy*, 953 F.2d 29, 30 (2d Cir. 1992), missing from plaintiff's complaint is any allegation that the IBT union constitution requires the IBT to provide him representation. Nor does plaintiff allege that the IBT's exercise of control over its local affiliates requires the IBT to represent an individual member during arbitration.

In these circumstances, the local union appears to be "the exclusive bargaining agent responsible for representing employees in the prosecution of grievances." *Id.* Absent a showing that the IBT owed plaintiff a duty of fair representation, plaintiff's breach of contract claim fails.[2] *See Baker v. Newspaper and Graphic Comm'cns Union, Local 6*, 628 F.2d 156, 166 (D.C. Cir. 1980) (rejecting "claim that the International violated its duty of fair representation" where it "was neither the bargaining representative nor a party to the collective bargaining agreement");

---

[2] Even if plaintiff had alleged a viable claim against a proper defendant, he failed to initiate this lawsuit within the six-month statute of limitations. *See George v. Local Union 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, , 1009-10 (D.C. Cir. 1996); *Ramey v. Int'l Bhd. of Elec. Workers*, 580 F. Supp. 2d 44, 48 (D.D.C. 2008).

*Devore v. Rolls-Royce Energy Sys., Inc.*, 373 F. Supp. 2d 750, 768 (S.D. Ohio 2005) ("The Court finds that because IAM International is not a signatory to the [collective bargaining agreement] and Plaintiff has not rebutted the Union Defendants' assertion that IAM International did not participate in the processing of Plaintiff's grievance, IAM International did not owe a duty of fair representation to Plaintiff."); *Grant v. Burlington Indus.*, 627 F. Supp. 311, 313 (N.D. Ill. 1985) (concluding that claim for breach of duty of fair representation can be stated only against the local union which was the "only bargaining representative for the job dispute"); *Larry v. Penn Truck Aids, Inc.*, 94 F.R.D. 708, 722 (E.D. Pa. 1982) (dismissing claim of breach of duty of fair representation brought against IBT because it was not a party to the collective bargaining agreement and therefore owed no duty of fair representation).

## III.  CONCLUSION

The Court concludes that the complaint fails to state a claim upon which relief can be granted, and, accordingly, the IBT's motion to dismiss will be granted.  An Order accompanies this Memorandum Opinion.

Signed this 8th day of February, 2012.

> RICHARD W. ROBERTS
> United States District Judge