UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HUNTER R. LEVI, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 10-1294 (RWR) |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

This matter is before the Court on "Plaintiff['s] Motion for Reconsideration and Affidavit," [Dkt. #15] ("Pl.'s Mot."), which is construed as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and his supplemental memorandum [Dkt. #16] ("Supp. Mem.") titled "New Evidence." For the reasons stated below, the motion will be denied.

"Our Court of Appeals has characterized motions for reconsideration under Federal Rule of Civil Procedure 59(e) as 'discretionary.'" *Liberty Prop. Trust v. Republic Props. Corp.,* 570 F. Supp. 2d 95, 97 (D.D.C. 2009) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)). Such motions are "not routinely granted," *Williams v. Savage,* 569 F. Supp. 2d 99, 108 (D.D.C. 2008), and relief ordinarily is not granted absent a finding by the district court "that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208. None of these circumstances is evident in this case.

1

Plaintiff was an employee of Anheuser-Busch Companies, Inc. ("AB") and joined the International Brotherhood of Teamsters ("IBT") union in 1979. *See* Comp. at 1, 9-10. Plaintiff was terminated in 2003, *id.* at 12, and at "a July 2003 AB-IBT union contract hearing [he] was represented by his local IBT union," *id.* at 15. "After the hearing on July 22, 2003, [plaintiff's] local business agent and the IBT attorney" informed plaintiff that "the union would not be doing anymore [sic] to help [him] in a tough case." *Id.* at 15. The complaint identified no contract or contract provision allegedly breached by the IBT, and based on plaintiff's apparent dissatisfaction with the presentation afforded him before and after his termination, *see id.* at 3-5; *see also* Supp. Mem. at 2, the Court "discern[ed] a single claim against the IBT: it failed its contractual obligation under a collective bargaining agreement to provide him fair representation in the post-termination proceedings." *Levi v. Int'l Bhd. of Teamsters*, 842 F. Supp. 2d 306, 309 (D.D.C. 2012). However, because the local union, not the IBT, was a party to the relevant contract, that is, the collective bargaining agreement ("CBA") between AB and the local union, it alone was responsible for providing plaintiff post-termination representation. *See id.* "Absent a showing that the IBT owed plaintiff a duty of fair representation, plaintiff's breach of contract claim fail[ed]." *Id.*

Plaintiff now asserts that his claim arose instead under the IBT's Constitution, not the CBA. According to plaintiff, the "IBT breached its contractual duty to [plaintiff] in 2003 by failing its IBT Constitution [sic] duty to ensure AB and Levi's Local Union enforcement of the AB-IBT CBA." Pl.'s Mot. at 2 (page numbers designated by the Court). In other words, the IBT's alleged failure to intervene in the local union's handling of plaintiff's pre- and post-termination proceedings comprises a breach of the IBT's Constitution. The Court is mindful that a complaint drafted by a *pro se* plaintiff must be construed liberally. *See Haines v. Kerner*, 404

U.S. 519, 520 (1972). But the Court has reviewed the complaint and concludes that it cannot reasonably be interpreted as raising a claim against the IBT for an alleged breach of its constitution.

Plaintiff's purported introduction of "new evidence" does not warrant the relief he seeks. Plaintiff's supplemental memorandum includes copies of documents pertaining to his appeal to the Trustees of the St. Louis Teamster Brewery Workers Pension Plan regarding his pension benefits. Plaintiff's former employer is 'not required to make pension contributions for which no compensation is payable to an employee," Supp. Mem., Ex. (Letter to plaintiff from Zenith American Solutions, Inc. dated May 17, 2012) at 1(page number designated by the Court), and therefore plaintiff is not entitled to pension benefits which would have accrued after his termination in 2003, *see id.* at 3-4. At this late date, plaintiff cannot, in essence, amend his complaint to add a new claim or to demand additional damages as compensation for "pension losses." Supp. Mem. at 3.

Accordingly, it is hereby

ORDERED that "Plaintiff['s] Motion for Reconsideration and Affidavit," [Dkt. #15] is DENIED.

SO ORDERED.

Signed this 31st day of August, 2012.

/s/_____
RICHARD W. ROBERTS
United States District Judge